# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,       )
          )
          )    Criminal Action No. 21-279
      v.          )
          )
          )
JEFFREY NEELY,          )
        Defendant.     )

## MEMORANDUM OPINION

**CONTI, Senior District Judge**

## I.    Introduction

Pending before the court is an amended motion to permit use of prescribed medical marijuana (ECF No. 23) filed by defendant Jeffrey Neely ("Neely" or "defendant"), who is currently under federal supervision while on pretrial release. According to Neely, he was prescribed medical marijuana by his treating physician, Annette Folgueras, M.D., to treat his "terminal ileitis tendency towards Crohn's Disease, a type of inflammatory bowel disease." (Id. ¶ 3.)  Neely requests permission from the court to use medical marijuana while on pretrial supervision. (Id. at 23-2.) The government opposes Neely's request because Congress requires a defendant on federal supervision to comply with federal law, and Neely's proposed consumption of marijuana would violate federal law. (ECF No. 30 at 1.) The government is correct; Neely's request requires this court to modify his conditions of bond to permit him to violate federal law. This court is without authority to permit Neely to violate federal law and use marijuana. Neely's motion will, therefore, be denied.

## II.    Procedural History and Background

On June 24, 2021, a federal grand jury returned an indictment against Neely charging him with possession with the intent to distribute 1 gram or more of a mixture and substance containing a detectable amount of LSD and quantities of mixtures and substances containing detectable amounts of MDMA, 2C-E, 25B-NBOMe, and ketamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(v), (b)(1)(C), and (b)(1)(E). (ECF Nos. 3, 4.) On July 29, 2021, Neely was arraigned, pleaded not guilty, and released on an unsecured bond of $25,000.00. (ECF Nos. 13-16.) Neely's pretrial release was subject to conditions, including but not limited to, conditions that he not: (1) violate federal state, or local law[;] or (2) use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner. (ECF Nos. 15-16.)

On August 17, 2021, Neely filed a "motion to permit use prescribed medical marijuana" in which he requested permission to use medical marijuana to treat irritable bowel syndrome. (ECF No. 22.) On August 19, 2021, Neely filed an "amended motion to permit use of prescribed medical marijuana." (ECF No. 23.) In the amended motion, Neely explained that the original motion mistakenly explained that Neely was prescribed medical marijuana for irritable bowel syndrome. According to the amended motion, Neely was prescribed medical marijuana to treat "terminal ileitis tendency towards Crohn's Disease, a type of inflammatory bowel disease." (ECF No. 23 ¶ 3.) On October 14, 2021, the government filed a response in opposition to Neely's motion. (ECF No. 30.)

Neely's amended motion to permit use of prescribed medical marijuana having been fully briefed is now ripe to be decided by the court.

### III.   Discussion

Pursuant to § 3142(b) of the Bail Reform Act, 18 U.S.C. §§ 3142-3156, a defendant's pretrial release must be subject to a condition, among others, that he or she "not commit a Federal, State, or local crime during the period of release...." The possession of marijuana is a federal crime with limited exception. 21 U.S.C. §§ 812(c) and 844(a); Gonzales v. Raich, 545 U.S. 1, 14 (2005)  ("By classifying marijuana as a Schedule I drug, as opposed to listing it on a lesser schedule, the manufacture, distribution, or possession of marijuana became a criminal offense, with the sole exception being use of the drug as part of a Food and Drug Administration preapproved research study."). The possession of marijuana—except as part of a Food and Drug Administration preapproved research study—is a federal crime that cannot be committed while a defendant is on pretrial release. Here, Neely requests permission to use marijuana for medical purposes. Federal law, however, "leaves no room for an exception for medical marijuana." United States v. Mitchell-Yarbrough, Crim. A. No. 18-32, 2021 WL 3738911, at *4 (W.D. Pa. Aug. 24, 2021) (citing United States v. Perla, No. CR 20-281, 2021 WL 461881, at *3 (W.D. Pa. Feb. 9, 2021)).

The court in Mitchell-Yarbrough explained:

> In 2016, the Pennsylvania General Assembly enacted the Medical Marijuana Act ("MMA") recognizing that "[s]cientific evidence suggests that medical marijuana is one potential therapy that may mitigate suffering in some patients and also enhance quality of life" and permitting the "use or possession of medical marijuana as set forth in th[e] act [a]s lawful within th[e] Commonwealth." See 35 Pa. Stat. and Cons. Stat. §§ 10231.102(1); 10231.303(a); see also Gass v. 52nd Judicial Dist., 232 A.3d 706, 707-08 (Pa. 2020). As set forth in the MMA, the use of marijuana in various forms is lawful in Pennsylvania so long as it is dispensed to "(i) a patient who receives a certification from a practitioner and is in possession of a valid identification card issued by the department; [or] (ii) a caregiver who is in possession of a valid identification card issued by the department." See 35 Pa. Stat. Ann. and Cons. Stat. § 10231.303(b)(1). Thus, to be issued a

medical marijuana identification card, the "patient" must first obtain a certificate from a registered practitioner under the MMA. See id.

2021 WL 3738911, at *5. The court explained that certain requirements must be met for the issuance of a medical marijuana identification card:

> "[I]n order for a practitioner to issue a certification, both the practitioner and the patient must meet certain criteria." See United States v. Scott, Crim. No. 13-14, Docket No. 59 at 3 (W.D. Pa. May 14, 2021) (Schwab, J.). As stated above, the practitioner must be registered within the MMA's registry, which requires a "determin[ation] that the physician is, by training or experience, qualified to treat a serious medical condition" and the successful completion of a training course. See 35 Pa. Stat. Ann. and Cons. Stat. § 10231.401(a). On the other hand, a "patient" as defined by the act is "[a]n individual who has a serious medical condition, has met the requirements of certification … and is a resident of th[e] Commonwealth." See id. § 10231.103. A patient has a "serious medical condition" if he suffers from any of seventeen enumerated conditions or any "[o]ther conditions that are recommended by the advisory board and approved by the secretary,"…and he may only be issued a certification if "the practitioner determines the patient is likely to receive therapeutic or palliative benefit from the use of medical marijuana." See id. §§ 10231.103; 10231.403(a)(4).

Id. (footnotes omitted).

Based upon the foregoing, federal law prohibiting the possession of marijuana, *subject to the limited exception for use of the drug as part of a Food and Drug Administration preapproved research study*, conflicts with Pennsylvania law permitting the use of medical marijuana if certain requirements are met. The Supreme Court of the United States has explained: "The Supremacy Clause unambiguously provides that if there is any conflict between federal and state law, federal law shall prevail." Gonzales, 545 U.S. at 29. The possession of marijuana pursuant to a Pennsylvania medical marijuana card, which is not a part of a Food and Drug Administration preapproved research study, violates federal law.

Neely requests this court to modify his conditions of pretrial release to permit him to use and possess marijuana pursuant to his medical marijuana card and Pennsylvania

law. That modification of the conditions of his supervised release would permit him to violate federal law. This court is without authority to permit Neely to violate federal law. Mitchell-Yarbrough, 2021 WL 3738911, at *8 (explaining that despite "differing conclusions on how to manage Defendants using medical marijuana on supervised release,...there has been general uniformity...[that a] Court cannot...modify the mandatory conditions of a Defendant's pretrial release to permit him to violate federal law by using medical marijuana.") (collecting decisions). Thus, this court must deny Neely's motion.[1]

## IV.    Conclusion

Neely is on pretrial supervision awaiting trial. Pursuant to the conditions of pretrial supervision mandated by Congress, Neely cannot, among other things, violate federal, state, or local law. It is a federal crime to possess marijuana except as part of a Food and Drug Administration preapproved research study. Because federal law preempts Pennsylvania law legalizing the use of medical marijuana, this court is without authority to amend Neely's mandatory conditions, which, among other things, requires Neely to comply with federal law. Use of medical marijuana pursuant to a medical

---

[1]      The Consolidated Appropriations Act Rider of 2020 (the "Rider"), which "prohibits [the Department of Justice]…from using funds to prevent Pennsylvania from implementing its own laws that authorize the use, distribution, possession, or cultivation of medical marijuana," does not compel a different conclusion. Mitchell-Yarbrough, 2021 WL 3738911, at *8. As the court in Mitchell-Yarbrough explained, the Rider is not a source of authority for this court to permit a defendant under pretrial supervision to violate federal law. Courts have recognized that the Rider is relevant—if at all—only when a defendant invokes "the Rider as a means for preventing the DOK from expending funds to prosecute federal marijuana violations that otherwise comply with state law." Id. Thus, the Rider becomes relevant—if at all—"only if or when the Probation office petitions to violate [a] Defendant under the terms of his release and the Government attempts to prosecute said petition." Id.

marijuana card would violate federal law, and this court cannot modify the mandatory conditions to permit Neely to do so.

Based upon the foregoing, Neely's amended motion to permit use of prescribed medical marijuana (ECF No. 23) will be denied and his original motion to permit use of prescribed medical marijuana (ECF No. 22) will be denied as moot. An appropriate order will be entered.

**BY THE COURT**,

Dated: November 27, 2021
**/s/ JOY FLOWERS CONTI**
Joy Flowers Conti
Senior United States District Court Judge